TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00096-CV






Thomas Terry, Jr. and derivatively Cardiac Services of Texas, Inc. and
Cardiac Services of Austin, L.P., Appellants


v.


Darrell Sargent; Cardiac Products of Texas, Inc.; Cardiostaff Corporation; and
Larry Lawson, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. GN304065, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING






O R D E R



 This appeal was abated due to the bankruptcy filing of appellant Thomas Terry, Jr.,
and appellees have filed a motion to reinstate because the bankruptcy court has issued an order
clarifying that the automatic stay does not preclude Terry from prosecuting this appeal. 

 This appeal was originally dismissed for want of prosecution on July 3, 2007, but was
reinstated and abated on August 13, 2007, after it was brought to the Court's attention that Terry had
filed for bankruptcy. The filing of a bankruptcy petition triggers an automatic stay of all appellate
proceedings. Tex. R. App. P. 8.2. Appellees subsequently filed a motion to dismiss, arguing that
the automatic stay applies only to suits and claims brought against a bankruptcy debtor and is
therefore not applicable to this appeal because Terry was the plaintiff in the underlying litigation. 
This Court denied the motion to dismiss, on the grounds that the Texas Rules of Appellate Procedure
do not require that the claim be brought against the debtor in order for the automatic suspension to
apply. See id. 

 On December 6, 2007, the bankruptcy court issued an order stating:

It is therefore ORDERED that, pursuant to federal law, the Debtor's appeal of the
state court lawsuit involving the Movants (No. 03-07-00096-CV in the Texas Court
of Appeals, Third District, Austin) (the "Appeal") is not now and was not ever
subject to any automatic stay that would preclude the Debtor from prosecuting it.


Consistent with this conclusion, it is also ORDERED that any stay of debtor's
Appeal created by federal law is hereby terminated.



 An appeal that has been suspended by a bankruptcy filing may be reinstated if
permitted by the bankruptcy court. Tex. R. App. P. 8.3(a). Here, the bankruptcy court has expressly
ordered that this appeal may proceed. We will therefore reinstate this appeal on the docket
of this Court.

 In light of the reinstatement of this appeal, Appellant is directed to make
arrangements for filing of the clerk's record to this Court within 30 days of this order. Failure to do
so will result in the dismissal of this appeal for want of prosecution. See Tex. R. App. P. 37.3(b).

 It is ordered January 8, 2007.



 _____________________________________

 Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson